IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THEODORE FLORES,   )
                   )
         Petitioner, )
                   )
v.                 )   Case No. 25-3246-JWL
                   )
C. CARTER, Warden, FCI-Leavenworth, )
                   )
         Respondent. )
                   )
_____)

**MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges a disciplinary sanction. Petitioner is presently serving a federal sentence within this judicial district. After respondent filed an answer and petitioner filed a traverse, the Court ordered an additional round of briefing, which has now been completed. For the reasons set forth below, the Court **denies** the petition.[1]

Petitioner was disciplined for attempting to make three-way telephone calls in violation of prison regulations. If other due process requirements are met, the hearing officer's decision will be upheld if there is "some evidence" to support the decision. *See Garza v. English*, 2018 WL 6570493, at *5 (D. Kan. Dec. 13, 2018) (Lungstrum, J.) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). Petitioner does not claim any violation

---

[1] Because petitioner did subsequently pay the filing fee, his still-pending motion to proceed without prepayment of the fee (Doc. # 2) is hereby denied as moot.

of due process with respect to the procedural aspects of his disciplinary proceedings. Nor does he claim a lack of evidence that he attempted to initiate the three-way calls. Instead, petitioner makes the limited claim that although his conduct may justify a lesser sanction for a Code 397 violation, it did not justify the imposed sanction for the charged Code 297 violation because the attempted calls did not "circumvent the ability of [prison] staff to monitor frequency of telephone use, content of the call, or the number called," as required for such a violation. Petitioner argues that his conduct did not violate Code 297 because he called someone on his contacts list, that person attempted to call a third party (petitioner's daughter) on his contacts list, the third party did not answer, and the calls were recorded.

The Court rejects petitioner's argument that such conduct cannot support a Code 297 violation, for which petitioner offers no legal support. Courts have uniformly rejected the argument that a three-way call may be disciplined only under Code 397, holding that such a call does circumvent the ability to monitor the telephone use in violation of Code 297. *See, e.g.*, *Brewer v. Earwin*, 2023 WL 1109662, at *2, 10 (D. Md. Jan. 30, 2023); *Roberts v. Warden, FCI Berlin*, 2022 WL 16540863, at *3 (D.N.H. Oct. 28, 2022); *Mustafa v. Fikes*, 2022 WL 4291429, at *5 (D. Minn. Aug. 17, 2022), *report and recommendation adopted*, 2022 WL 4290686 (D. Minn. Sept. 16, 2022); *McRae v. Ebbert*, 2019 WL 6839314, at * 4-5 (M.D. Pa. Dec. 16, 2019); *Saeed v. Pugh*, 2014 WL 4966357, at *2 (N.D. Ohio Nov. 3, 2014); *Vegel v. Dewalt*, 2008 WL 1995137, at *2-3 (E.D. Ky. May 7, 2008); *Martinez v. Pettiford*, 2008 WL 867888, at *2-3 (D.S.C. Mar. 24, 2008); *Morris v. Fransic*,

2007 WL 2327111, at *1 (N.D. W. Va. Aug. 10, 2007), *aff'd*, 261 F. App'x 542 (4th Cir. 2008).

This Court agrees with all other courts to have addressed the issue, as the use of a three-way call may impede the ability of prison staff to determine the number or identity of the third parson, including for the purposes of determining whether the third person is a permitted contact and allowing the third person to know that the call is coming from a federal prison (so that the person may reject the call if desired). *See Roberts*, 2022 WL 16540863, at *3; *Mustafa*, 2022 WL 4291429, at *2; *see also Lucas v. English*, 2016 WL 7326288, at *7 (D. Kan. Dec. 16, 2016) (Lungstrum, J.) (upholding a sanction under Code 297 where the inmate disguised the number of the person called). Thus, a three-way call violates Code 297 whether or not the content of the inmate's initial call can be monitored. *See Mustafa*, 2022 WL 4291429, at *5 (rejecting inmate's argument that the staff could still monitor his calls).

The Court thus concludes that in petitioner's disciplinary proceedings the hearing officer's sanction for a violation of Code 297 was properly supported by evidence. Accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 26th day of February, 2026, in Kansas City, Kansas.

                                                            <u>/s/  John W. Lungstrum</u>
                                                            Hon. John W. Lungstrum
                                                            United States District Judge